1   Mitchell Keith Goodrum
2   PO Box 7000
3   Carson City, Nevada 89701
4   Northern Nevada Correctional Center
5   Inmate No. 1213846
6

7              United States District Court
8                   District of Nevada
9                                        Motion for the
10  Mitchell Keith Goodrum          Leave to File a Civil
11         plaintiff,                Complaint for the following;
12  VS.                             5th, 6th, 8th, 14th Amendment
13  Fallon Police Department et, al.  Rights Violations, including
14  Detective Daniel Shyne, and Banza.  but, not limited to Criminal
15         defendants                 Law Violation 6.41.4 (1),
16                                     Distroying Evidence NRS 199.210
17  Offering Faulse Evidence NRS 199.210, Tampering with Evidence
18  NRS      Preventing and Dissuading persons from testifing or
19  Producing Evidence NRS 199.230, Conspiricy 28 USC 241, Deprivation
20  28 USC 242, Right to Due Process NRS 260.050, Tort of Negligence,
21  Failure to Protect, Right of Fairness NRS 48.045 (2), Right to a
22  Fair Trial a 6th Amendment violation, Supressing Evidence NRS 93.130,
23  180.060, Perjury NRS          , Creul and Unusual Punishment,
24  Deliberate Indifference, Right to Witnesses NRS 176.0126(1),
25  Malisious Prosecution 1-42, Obstuction of Justice 18 USCS 1512,
26  Right to Evidence NRS 48.015, Confrintation Clause violation,
27  Due Process rights under 8th and 14th Amendments, Fabrication of
28  Evidence NRS

                           (1)

## Introduction

This is a Civil Rights action, filed by Mr Mitchell Keith Goodrum, a state prisoner housed at High Desert State Prison, Indian Springs Nevada. Plaintiff alleges violations the City of Fallon, Fallon Police Department and Mr Dainel Shyne "Det." With the Fallon P.D. comitted violations of constitutionally protected and gaurenteed rights. Comitted by persons acting under color of State Law, and city laws, and police procedures. (See) West V. Atkins 487, U.S. 42, 48 (1988)

The plaintiff seeks preliminary screening, and re-dress from the court (see) 28 USC 1915. Plaintiff is seeking relief as provided in Federal Rules of Procedure 12(b)(c)(6).

Plaintiff states this Complaint is liberally constructed. (See) Balistreri V. Pacific Police Department 901. F2d 696, 699 (9th cir 1990) Plaintiff seeks leave to amend this complaint with direction to cure it's deficienes (see) Cato V. United States 70 F3d 1103, 1106 (9th cir 1995) also (See) Chappel V. Lab Corp of America 232 F3d 719, 723 (9th cir 2000)

Plaintiff respectfully request the court construes the complaint as true, that all allegation are factual, provable and tangable. That the court find this complaint in the most light favorable to plaintiff. (See) Warshaw V. Xoma Corp 17 F3d 955, 957 (9th cir 1996) That the court hold this

complaint as less stringent standards then formal
pleadings drafted by Lawyers (see) Hughes V. Rowe
449 US 5, 9 (1980)
Plaintiff will show under rule 12(b)(6) more then
mere labels and conclutions. (see) Bell Atl Corp V.
Twombly. 550 US 544, 555 (2007)
Plaintiff prays the court will use the veracity of
well pleaded allegations, and find this complaint
will give rise to an element for relief as requested,
that the court will apply common sence when re-
viewing this complaint, draw on it's exsperience, and
come to a just determination (see) 18 USCA 3651.


                    Jurisdiction
The court has jurisdiction over plaintiffs claims
of violations of Federal Constitutional Rights under
42 USC 1331 (1) and 1343. The court has supple-
mental jurisdiction over plaintiffs State Law of
Tort. under 28 usc 1367 and review of rule 12(b)(6)
(see) Murley V. Walker 175 F3d 259 (9th cir 1999) as the
court has the power to allow the complaint to go
forward, and not to dismiss the complaint without
the oppertunity of curing it's deficences.
This complaint will address both factual issues,
and law issues. (see) Neitzke V. Williams 490 US
319, 327-28 (1989) where the plaintiff had fantastic
and delusional scenarios, which is not the case here.

                    (3)

1    Plaintiff states he has a constitutional Right to access
2    the federal court system to obtain a resolve and relief
3    to these issues (see) Lewis V Casey 518 US 343, 346 (1996)
4    also (see) Shapley V Nevada Bd 766 F2d 404, 407, (9th Cir 1985)
5
6                    Parties to the Complaint.
7    Plaintiff, Mr Mitchell Keith Goodrum, alleges violations
8    of his constitutional rights, that were violated by defendants.
9    his address is PO Box 7000 Carson City, Nevada 89701
10   he is sueing defendants both individually and officially.
11
12   Defendants, Fallon Police Department, Detective Daniel Shyne
13   and officer Barizia, are all being sued in both official
14   and individual capacities for violation of constitutional
15   issues. Their address is known to plaintiff as 55
16   West williams ave Fallon NV 89406
17
18
19
20
21
22
23
24
25
26
27
28

(4)

## Facts of Case

1  In the intrim of March 21, 2017 and January 2019
2  plaintiff was charges with attempted murder and first
3  degree premeditated murder and various other re-
4  lated charges.
5  The plaintiff alleges defendant's Fallon Police and Mr.
6  Det. Daniel Shyne set into motion a plan to comitt
7  the following violations, intentionally, and with
8  intent to violate plaintiff's constitutional rights.
9  Civil Rights violations under the 8th and 14th Amendments
10  Brady Act, offering faulse evidence as defind under
11  NRS 199.240, Distroying evidence NRS 199.220, Preventing
12  and Dissuading person from testifing or Producing
13  evidence under NRS 199.230, Conspircy 18 usc 241,
14  Deprivation 18 usc 242, Right to due process under NRS
15  260.050 Tort of Negligence as defind under
16  Failure to protect as defind under          Right to
17  Fairness 48.045 (2) Right to a Fair trial 6th Amad, Supressing
18  Evidence as defind under NRS 193.130, 180.060
19  Porjury NRS 193.130, Tampering with evidence NRS 199.220
20  All to add the State to obtain a premeditated first
21  degree murder charge against Mr. Mitchell Keith Goodrum.
22  Also, Obstruction of Justice 18 USC 1512 (b)(3), Right to Speedy trial 7.135,
23  Detective Daniel Shyne who was in charge of the
24  investigation set into motion violations against
25  the plaintiff, knowingly and maliciously and sadisticly
26  with evil intent, in order to add the State with
27  the intent of violating plaintiffs gaurenteed const-
28  itutional civil rights, which unjustly coast plaintiff

(5)

1  Mr Shyne conspired with the Fallon Police Department,
2  State attornies Lane Mills and Jeffery Weed DA's
3  to violate plaintiff, all to obtain an unjust conviction.
4  Mr Daniel Shyne supressed the OFFicers Mr Brandon
5  Sheldens supplemental report, which had Mr
6  Shyne on audio telling an eye-witness who saw
7  two asian suspects Flea the crime seine on March
8  21, 2017. The witness clearly states he saw two
9  asian men exit the rear kitchen door of the overland
10 and flea in a white pick-up truck. He go's on to
11 tell the witness (Shyne) Not to talk about that as he
12 did not want rumors to start. This is a clear violation
13 of Mr Goodrum's constitutional gaurenteed civil
14 rights, it caused "Deprivation" as defind under 18
15 USCS 242, was "conspiricy" as defind under 18 USCS
16 241, "Supressing physical evidence" as defind under
17 NRS 193.130, "Tampering with evidence" as defind under
18 NRS 193.130,     , Violated plaintiff "Right to Due Process"
19 as defind under NRS 260.052, was a "Tort of Negligence"
20 as defind under        Violated plaintiffs "Right to
21 Fairness" NRS 48.045(2) and cause the plaintiff not to receive
22 a "fair trial"        He comitted "perjury" repeatedly,
23 as defind under 8ᵗʰ Amendment it was a violation of
24 "Dissuading persons from testifing or producing
25 evidence as defind under NRS 199.230 It
26 constitutes a "failure to protect" as defind under
27 8ᵗʰ, 14ᵗʰ Amendments, Violated plaintiff Constitutional
28 right to "Due Process" as defind under 260.050

(6)

Officer Brandon Sheldon's body-cam audio which picked-up the witnesses statement, was infact "supressed". Mr Shyne failed to disclose that key evidence at trial. That is a clear "Brady Act" violation, which caused the jury to be unable to judge the plaintiff fairly. Cost plaintiff his liberty and constitutes a criminal act by Shyne as defind under 6.41.4(1) Additichally, Det. Daniel Shyne and Officer supressed the Wok restaraunt video of March 21 2017 which clearly showed plaintiff exit the Overland Hotel and Casino at about 4:10 pm walk along the sidewalk on his way to the Nugett Casino. Then return at 4:52 pm and enter the front door of the Overland. Det Shyne and Officer Barbazica "Conspired" as defind under 18 uscs 241 to "Supress evidence" as defind under NRS 193.130, cause "deprivation" as defind under 18 uscs 242, Violated plaintiff right to due process" as defind under NRS 268.052) Distroyed evidence" by the splicing of plaintiff out of the Wok video as defind under 199.220, Offered "faulse evidence" to the State by splicing out plaintiff from the video as defind under 199.210 of NRS codes. Mr Shyne and Mr Barizica comitted acts which violated plaintiff's 8th and 14th Amend. of the US Constitution.

Both Det. Shyne and Officer Barbieri showed an act of "Deliberate Indifference" to the laws and procedures which would have if followed, protected the plaintiff from constitutional injury.

They also provided a video of plaintiff in the Nugett Casino, and made claims which can be proven, were "fabrication of evidence" as defind under

As Mr Goodrum could not have posibly been in the Nugett Casino at 6$^{PM}$ and stay until 611$^{PM}$ as the police "presented to the State to obtain a "premaditated First degree murder conviction". The police knew) and had to know it was not physically posible for plaintiff to be in the Nugett Casino anywhere near 6$^{PM}$ as the Wok video had shown them, he was viewed entering the Overland Hotel's front door at about 430$^{PM}$ and it is why the police "knowingly", "willingly", and with "evil intent" removed "spliced" the plaintiff out of the Wok video. These police employee's are guilty of "Supressing evidence", "tampering with physical evidence", "conspiracy" to comit civil rights violations "against plaintiff with the "exsplicit intent" of intentionally depriving plaintiff's "right to a fair trial" (see) United States V. Lewis (2004 cd) 368 Led 2d 1102 Cert. den (2005) 543 US 1053 ct 901, 100 Led 2d 275. And to "intentunally violate" plaintiffs constitutional gourenteed rights. It was done with exspliste intent.

1  Also, Det. Daniel Shyne "conspired" to have a witness
2  Mrs Deanna Douglas "change her statement of March
3  21, 2017 as to be more in complience to other
4  witnesses statements. All violation's as Mrs Douglas
5  on March 21, 2017 wrote a true statement as a witness
6  of events of March 21, 2017. Then Shyne had planted
7  blood on plaintiff's jacket, and had Douglas rewrite
8  her statement. However, police failed to remove the
9  first statement of March 21, 2017 and the second state-
10  ment from discovery. "Both conflicting statements
11  are in discovery", proving Mrs Douglas committed
12  "perjury" on January    2019 when she changed her
13  statement/testimony which now claimed plaintiff entered
14  the bar on March 21, 2017 and removed his jacket and
15  layed it on the bar. Note: Her March 21, 2017 statement
16  claims the jacket was hanging over the bar stool
17  and a patron had took it off the stool, placed
18  on the bar and stated "I think this belongs to him",
19  and as she picked it up off the bar and began
20  to fold it up, a police officer asked if it was
21  the plaintiffs and took control of it. Mr Shyne
22  then planted blood stains on the jacket to conform
23  with intoxicated bar patrons accounts, which
24  stated plaintiff walked into the bar removed the
25  jacket (some said) Through it on the floor others
26  stated layed it on the bar. Neither are true
27  and can be proven without any dought, as the
28  first officer in the bars body-cam picks-up the

(9)

1  a clear view of the jacket still hanging over the
2  bar stool when the Officer Hamilton enters the bar,
3  and plaintiff is standing on the otherside of the
4  bar with his hands-up, and states to the Officer
5  "I did it". The blood stains planted by Mr Shyne,
6  in no way, what-so-ever match blood steins
7  covering the black shirt plaintiff had on during
8  the encounter with Ng, two asian men, and Mr.
9  Butler on March 21, 2017. Mrs Douglas also testifies
10 when asked, "Was there blood on the jacket?". She
11 states "No". (see) January    2019 page    lines  to
12 of the trial transcripts. (see) Both statements in discovery,
13 (see) Hamilton's body-cam video of March 21, 2017.
14 Also examine the liner of the jacket, "No blood stains
15 consistent with the blood socked black shirt". It
16 was "physically imposible" for the jacket to have been
17 being warn during the incident. The police went
18 so far as to push the jacket lapel into blood
19 on the floor, and it can be clearly seen finger
20 blood trails on the inside of the jacket. It is
21 also clear even to a "lay person" that the stein
22 of blood on the lapel is man made, a clear round
23 pushed into blood stain. (A blood exspert will address
24 this issue at a trial, should this case proceed to
25 trial.)
26
27
28

(10)

1   Another violation caused by the Fallon Police and
2   Det. Daniel Shyne is the "tampering with physical
3   evidence" on March 21, 2017. When Mr Shyne removed
4   the bloody knife at marker #9 which was used by
5   Mr Warren Butler in an attempt to stab plaintiff
6   in the face as Butler held plaintiff in a head-lock
7   during the interaction between plaintiff and Mr
8   Butler, thus constitutes "Obstruction of Justice", "Tampering".
9   Det. Cox of the Woodrow County Sherriff's investigation
10  team, came to the Overland hours later on March 21, 2017
11  to process the crime scene. He states at trial, he found
12  the bloody napkin interesting. (see) Transcript dated ____
13  page ____ lines ____ to ____. The plaintiff has photo's of
14  the napkin with bloody knife still in the napkin, yet
15  Mr Cox testified only to the bloody napkin. Det. Shyne
16  removed the knife, as to denie plaintiffs claim Mr
17  Butler had a knife and was trying to stab plaintiff in
18  the face as he held plaintiff in a head-lock. Which
19  is why Mr Butler had so many stab wounds to his
20  right arm and hand, as each time Mr Butler attempted
21  to stab plaintiff, plaintiff stabbed at his arm and
22  hand to prevent harm and/or death. Mr Shyne is
23  guilty of "tampering with evidence", "Supressing evidence",
24  "Conspircy", "deprivation", "Distroying evidence", violated
25  plaintiffs "right to due process", "right to fairness", right
26  to a fair trial", "perjury", "tort of negligence", "right to
27  due process", "Failure to protect". (see) Phillips v State
28  121 Nev. 591, 119 P3d 711 (2005) also (see) Siraguse V.

(11)

Brown 114 Nev 1384, 971 P2d 801 (1989) Anyone who
by persuasion, forces, threatens, intimidates, uses
deception or otherwise, and with the intent to obstruct
the course of justice, prevents or attempts to prevent
another person from appearing before any court, or
person authorized to subpeona a witness in any action,
investigation or other legal official proceeding or cause
or induces another person to be absent from such a
proceeding or evade the due process which requires the
person to appear as a witness to testify or produce a
record, document, object, shall be punished.
Mr Shyne and Mr Barbrea violated many of those
issues stated above.
Caused, Mrs Douglas from testifing as to the truth
as her first statement alleges, and in discovery. thus,
was intimidation, deception, with intent to obstruct
the course of justice, violated due process, violated
the producing of statements, records, documents,
and he shall be punished as the law requires
Mr Shyne and Mr Barbrea caused the violation
of supressing key evidence of Officer/Deputy cox
when they knowingly used deception with the
intent to obstruct justice by tampering with the
bloody knife at marker #9, he and Mr Barbrea evaded
the due process of plaintiffs right to evidence, to
testify about the record, documents, shall be punished
(See) Anderson V. State 2016 (Nev App Unpub Lexis 109)
Nev CT app March 16 2016 influencing a witness

(12)

1   and/or evidence to be presented at trial, when the
2   person knows the evidence and/or witness can verify
3   the plaintiffs claims. Mr Shyne and Mr Barbee
4   knew and should have known the denial of the
5   true evidence and supressing that evidence
6   would cause "constitutional injury" to the plaintiff.
7   The importance of those peices of evidence would
8   have changed the trial and the verdict. There can
9   be not justice to the plaintiff if the evidence has
10  been tampered with as it denies the jury the infor-
11  mation needed to assess the accused, and judge
12  him fairly. These defendants shall be held accoutable.
13  Mr Shyne should not be trusted to investigate
14  any other crimes, as he is a dishonorable man.
15  The City of Fallon has a legal obligation to in-
16  vestigate these issues and come to a fair
17  conclution and act accordingly, as all future
18  cases Shyne works will be suspect and challaged.
19
20  Mr Daniel Shyne also staged crime seine photos
21  of the knife used by plaintiff. (See) Photos of
22  knife on bar.
23  Mr Officer Hamilton testified on January   2019 that
24  he took photos of the knife used by plaintiff on March
25  21, 2017. He gos on to state the knife had a coaster
26  over it. Those photos of that knife were supressed
27  because they showed plaintiffs jocket still hanging
28  over the bar stool, and a sign in the background

(13)

1  which stated "we dont call 911" and had a picture
2  drawn on it of a gun.
3  The staged photos clearly show the bar has been
4  cleaned for the night, it is closed, has no patrons
5  in the bar. Mr Hamilton testified (see)
6  he went around shortly after the insedent and
7  took photos as evidence. Note: No photos were presented
8  in the discovery photos suppled to plaintiff which
9  show the jacket, sign, or patrons. All supressed
10  which was done to denie plaintiff discovery
11  which would have proven plaintiffs assertion that
12  he was not wearing the jacket during the encounter
13  with Ng, two asians and Mr Butler, on March 21, 2017
14  Furthermore, Mr Shyne removed David Millers written
15  statement that he (miller) had placed a coaster over the
16  plaintiffs knife while it lay on the bar. Additionally,
17  it can be seen police in the background of the
18  staged photos, and David Barkley's hand, beer
19  and staged money on the bar. Conspiracy to
20  supress evidence, faulsly provide evidence,
21  caused a violation of plaintiffs gaurenteed civil
22  constitutional rights under the 8th and 14th Amend.
23  It caused deprivation as defind under 18 USCS 242,
24  it was obstruction of justice 18 USCS 1512, violated
25  plaintiffs right to due process, right to a fair trial,
26  right to fairness, Failure to protect, Supression of
27  evidence NRS 180.003, tort of negligence, tampering
28  with evidence, Distroying evidence. NRS 199.220,

(14)

1  The fit for incarceration was tampered with,
2  the body-cam shows plaintiff talking to the hospital
3  nurse at the fit for incarceration. It shows
4  plaintiff pointing to the lump on his head, where
5  an asian man had hit plaintiff in the head with
6  a "slap-jack" (a peice of leather with lead inside
7  of it.) The officer then states "You can't talk about
8  that", aggressively. Plaintiff and nurse are seen on
9  the video, turning to the officer with confused looks
10  on thier faces. Mr Shyne then removed the audio
11  to avoid the court and the jury from hearing the
12  officers comentt. (see) Body-cam, March 21, 2017
13  of fit for incarceration.
14  This is a clear violation of plaintiffs right to a fair
15  trial, supressing evidence, conspiricy to comitt
16  fraud of evidence, caused deprivation, denied
17  plaintiff fairness, is the tort of negligence, was
18  a Brady violation, Distroying evidence, violated right
19  to due process, obstruction of Justice, a criminal
20  act as defined under 6.41.4(1), violated constitutional
21  Civil rights of plaintiff 8th and 14th Amendments. Was done
22  with exsplicite intent to violate plaintiffs con-
23  stitutionally gaurenteed rights. And was so
24  evil and sadistic it cost plaintiff his liberty.
25
26
27
28

1  Mrs. Ng testified at trial that she, plaintiff and Mr
2  Butler were all in the dinningroom at the same time.
3  This was physically impossilbe as on the Wok video
4  it shows Miss Ng run out of the Overland a full
5  5 minutes before Mrs Ellen Jackson exits the
6  Overland front doors. Mrs Jackson testified (see)
7  January   2019 page ____ lines ___ to ___. That she
8  had exeted the Over land to check the area outside
9  for what she thought was the sound of an emergency
10  vehicle passing-by. She gos on to state Mr Butler
11  went into the dinningroom at the same time as
12  Mr Butler went into the dinningroom. (See) January
     she (10)                    (10) outside
13  ____ page ____ lines ___ to ___.
14  This would prove without a daught that Miss Ng
15  comitted perjury at trial when she testified Mr
16  Butler was standing over her (see) January ____ 2019
17  page ____ lines ___ to ___.
18  However, in the attempt to make Miss Ng's test-
19  imeny true. The police Det. Shyne and Officer
20  Mr Barbrie edited the Wok video to remove Mrs
21  Ellen Jackson out of the video, as if Jackson
22  was shown after Ng runs out, it would have
23  invalidated the claim Butler was in the dinning-
24  room at the same time as Ng and Butler.
25  Mr Shyne therefore, tampered with evidence, distroyed
26  evidence, conspired to decieve the court and the
27  jury at trial, comitted a Brady Act violation, tort
28  of negligence, right to a fair trial, and fairness, Right to

(16)

1  Caused deprivation, supressed evidence, obstructed
2  justice, violated plaintiffs 8th, 14th, Amendment rights
3  Additionally, the plaintiff was video taped on that
4  Same WOK video on March 21, 2017 at $4:10^{PM}$ dep-
5  arting the Overland and again at $4:50^{PM}$ return-
6  ing to the Overland. Which would prove it was
7  physically imposible for plaintiff to have been
8  at the Nugett at $6^{PM}$ stay until $6^{11}$ PM and
9  depart Nugett and walk 3 min as Shyne
10  testified he tested the time to go from Nugett
11  to Overland, which if true, plaintiff would
12  have been viewed on Wok video at $6:15^{PM}$ entering
13  the Overland. Which was never presented on
14  film, because it did not exsist, and police knew it.
15  The Det. Shyne, comitted perjury, tampered and
16  Supressed video evidence. He was and is a
17  dishonoralbe policemen and shall be accountable.
18  Plaintiff was spliced out of the Wok video as
19  was Mrs Jackson to faubly mis-led the jury
20  and the court to obtain a "Premaditated First
21  dagree murder conviction." these allegations will
22  be proven at discovery and trial.
23
24
25
26
27
28

(17)

1    about the Maranda Rights issues. Mr Daniel Shyne
2    brought plaintiff back to the police station
3    the following days to have plaintiff sign a new
4    Maranda Rights waiver. The police
5    acknowledged the Maranda Waiver plaintiff signed
6    on March 21, 2017 was not valid because plaintiff
7    was unable to understand the events about inter-
8    igation and his surroundings on March 21, 2017.
9    Plaintiff now sober declines the waiver and asks
10   for his son, an attorney.

(18)

Also, the law was broken when Daniel Shyne removed
Key evidence "The Knife at marker #9", The sign which stated
"We don't call 911" and had a gun drawn on it", Both are Brady Act
Violations, and under Criminal law 6.41.4 (1), violates NRS
199.210 when Shyne supressed the testimony of the witness
who could be heard on Officer Brandon Shelden's body-cam,
Stating he saw the two asian men flea, and Shyne can be
heard telling that witness not to talk about that.
These actions also violate NRS 199.220 distroying evidence
and violated NRS 199.230 preventing persons from testifing.
All of which is conspircey under 18USC 241, cause de-
privation under 18USC 242, Right to due process.
Was so deliberate as to be closified a deliberate
indifference, and was cruel and unusual punishment
as it contributed to an unfair trial, and caused a
conviction of First degree murder, was the deliberate
act of negligence and failure to protect.

The State prosecutor Mr Lane Mills and Mr Jeffery Weed
both contributed to the unfair treatment of plaintiff,
when knowing the maranda interview was and should
have been inadmissible. That both conspired as defind
under 18 USC 241 when they removed Key evidence,
the photos of the bar on March 21, 2017 which showed
the Knife used by plaintiff, which Officer Hamilton
testified he took photos of that Knife with a coaster on it.
Yet, no bar photos are shown with coaster on it. Those
Suppressed photo's would have vindicated plaintiffs
Claim.

(19)

1  Statement of placing the knife in the area of the bar
2  taps and infront of Stanley Hooper, just as Mr Hooper also
3  testified to. Those same suppressed photos showing the sign
4  of we don't call 911 and plaintiffs jacket still hanging on
5  the stool. All of which are a violation of the Brady Act,
6  NRS 199.210, NRS 199.220, and NRS 199.230 in addition,
7  was a criminal act as defined under 641.4 (1), violated
8  plaintiffs Eight and Fourteenth Amendment Rights, all of
9  which violated plaintiffs ability to a fair trial. Cost the
10 plaintiff his freedom as if the truth been told to the jury
11 and those issues reviewed it, would have changed the
12 course of the trial. Thus, it would be highly probable plaint-
13 iff would not have received life in prison without parol.
14 Distroying, Supressing, and providing faulse test-
15 mony all cause cruel and unusual punishment.
16 Plaintiffs conviction was improper and those who part-
17 icipated in those violations should be held accountable and
18 required to address those allegations and exsplain themselves.
19 The City of Fallon and the New River Township should be
20 held responsible because it they are responsible for the
21 oversight of their employees. They failed and are still fail-
22 ing to enforce the rules, laws, and procedures which ensure
23 the accused receive a fair trial. Plaintiff alleges all defend-
24 ants are responsible for the unfair protection violations
25 which caused the jury to be unable to judge plaintiff,
26 and therefore violated plaintiffs US Constitutional
27 Rights. This case should be heard and ajudcated
28 under the laws and Statutes of Nevada.

## Legal claim

1
2  Plaintiff alleges Mr Shyne and Mr Barboric[SP] both
3  conspired to denie plaintiff his guarenteed const-
4  itutional rights, and did so with the exspliced
5  intent to violate plaintiffs constitutional rights.
6  The two officers employed by the City of Fallon
7  and the Fallen Police Department, were deliberate
8  in their actions of plaintiffs denial of his rights.
9  Deliberate Indifferent to plaintiff due process
10 and caused plaintiff not to receive a fair trial,
11 violated his maranda rights, supressed evidence,
12 caused Brady Act violations, comitted criminal acts,
13 Dissuading persons from testifing, or producing acc-
14 urate evidence, reports, documents, caused the tort
15 of negligence, caused deprivation, conspired to comit
16 fraud, comitted perjury, violated due process and right
17 of plaintiff to receive a fair trial, tampered with
18 evidence, and failed to protect. All of which will
19 be proven at discovery and trial.
20 (See) United States v. O'Dell (1972 cal 6) Tenn 462
21 F 2d 224. All of which constitutes a right of plaintiff
22 to sue the defendants (see) Robinson v. Bergstrom
23 (1978 cal 7) 579 F 2d 401
24 Daniel Shyne is responsible for securing a proper
25 investigation, interrogations as it relates to criminal
26 acts. He shall do so with integrety. Securing
27 evidence to be presented at trial to the court
28 and the jury, to add in the lawfull prosecution

(20)

1. of an accused on trial for murder. All of which
2. he violated on his very first murder case. He will
3. never be an asset to the investigation of any
4. case in the future because this case will be
5. his legacey, it will be used in any and every
6. case which go's to trial as it relates to Shyne
7. as the led investigator. Mr Shyne was so
8. ineffective in the legal process of this case
9. #17-10DC-1120 that it shows his true colors
10. as not to be an honorable man with integ-
11. itey to investigate murder cases. The plantiff
12. demands he be investigated by a higher authority.
13. Which plantiff is currently and aggresively look-
14. ing into, as this conviction can not stand.
15. (see) Maresa V. State 103 Nev 669, 673, 748 P2d 3.6
16. (1987) were the deprivation to plantiffs sixth amendment
17. rights were violated, and the adequae oppertunty to
18. support a defence had been violated. Thus, caused a
19. unfair conviction. Also (see) Chavez V. State 125
20. Nev 328, 338, 213 P3d 476, 483 (2009) and (see)
21. Jeremias V. State 134 Nev 46, 50, 472 P3d 43 (2018
22. which stated actual prejudice and was a mis-carrage
23. of justice, by leaving the jury to beleve altered
24. video were the whole truth. When Mr Shyne failed
25. to correct the structural errors of the video (WOK)
26. and (Nugell), photos, statements, and perjury of
27. witnesses, it was cumulative errors and damaged
28. the plantiff unjustly and left the jury unable to judge.

(24) (22)

1. These allegations will go undisputed and will be
2. proven to be more then mere faibles and conclutions.
3. The court shall obtain the evidence and allow this
4. complaint to go forward (See) 18 USCA 3657 also (See)
5. Siragusa V. Brown 114 Nev 1384, 971 P2d 801 (1998) Nev
6. Lexis 161 (1998) Defendants are guilty of a category
7. D felony, and shall be punished as provided in NRS
8. 193.130, guilty of NRS 199.220 denied the court and
9. jury and plaintiff of the truth in content, and violations
10. of and against the tribunal, the judge, magistrate,
11. by willfuly destroying, supressing and altering the
12. evidence in a murder trial. (See) Phillip V. State 121
13. Nev 591, 119, 711 (2005) Nev Lexis 66 (Sept 15, 2005)
14. Crimes were committed by the defendants as seen
15. in 79 ALR 3d 1156 Also (See) tampering with evidence
16. 8 ALR 4th 769 (See) Federal rules of procedure 18 USCA
17. 1512 (b) 185 ALR Fed Rule. (See) Siragusa V. brown
18. 114 Nev 1384, 941 P2d 180 1998 Nev Lexis 161 (1998)
19.
20.
21.
22.
23.
24.
25.
26.
27.
28.

Relief Requested

1
2  Wherein plaintiff reincorperates all issues stated from
3  page 1 to page 25 of this complaint in full force.
4  Plaintiff request the following:
5           A) Issue a declatory judgement stating
6  Constitutional rights have been violated by the
7  fallon Police Department, Detective Daniel Shyne,
8  and Officer Mr Barboria. That those violations
9  caused Constitutional injury to plaintiff, which
10  resulted in a unfair trial and all violations listed
11  on page 1 of this complaint.
12           B) Award Compensitory judgement in the
13  amount of One Million Dollars, seruarely and
14  jointly against the fallon Police Dept, Daniel Shyne,
15  Officer Barboria.
16           C) Award punitive damages in the Amount
17  of $1,750,000.00 against all three defendant inclusively,
18  one million Seven Hundred Fifty Thousand dollars,
19  Award any additional amount the court
20  may feel is warrented.
21
22           Respectfully Submitted this 5 day
23           of Sept 2021, again signed 10/25/23
24  High Desert State Prison      Mitchell Keith Goodrum
25  PO Box 650 7000               Mitchell Keith Goodrum
26  (N/A) Indian Springs Nevada 89701    plaintiff,
   Carson City
27  89070-0650                    Mitchell Keith Goodrum
28  Inmate No 1213846

(26)

Exhibit #1

New Case 22-10DC-0012    (MG)

1    Case No ~~22-10DC-00013~~    FILED    ~~Second Amended~~    (MG)

2    Mitchell Keith Goodrum    Complaint Sept

3    PO Box 0650    2022 JAN -5 PM 12 59    15, 2021
        SUE SEVON
        COURT CLERK

4    Indian Springs Nevada 89070    BY~~_____~~ DEPUTY

5    High Desert State Prison

6    Inmate No 1213846

7

8    IN THE Tenth Judicial District Court for the State of Nevada

9        IN AND FOR THE county of Churchill.

10

11    Mitchell Keith Goodrum    |    Constitutional Rights Claim

12        Plaintiff,    |    Civil Rights Complaint of

13    Vs    |    5th, 6th 8th, 14th Amendments

14    Fallon Police Department etal    |    Brady Act Violation

15    Detective Mr Daniel Shyne    |    Criminal Law Violation 6.41.4(i),

16        defendants.    |    Offering Fause Evidence NRS PA 210

17    Tampering with Evidence,    Destroying Evidence NRS PA 220

18    Preventing and Dissuading persons from Testifing or Producing

19    Evidence NRS 199.230, Conspiracy 28 usc 241, Deprivation NRS

20    28 usc 242, Right to due process NRS 780.050, Tort of Negligence,

21    Failure to Protect, Right to Fairness NRS 48.045(2), Right to a

22    fair trial 6th Amendment Right of the United States Constitution,

23    Supressing Evidence NRS 93.130 - 180.060, Perjury, Cruel

24    and Unusual Punishmen, Deliberate Indifference, Right to

25    Witnesses NRS 176.0126(1), Malisious Prosecution 1-42,

26    Obstruction of Justice 18 USCS 1512, Right to Evidence NRS 8.015,

27    Confrintation Clause Violation 6th Amendment Right, Right

28    to due process an 8th Amendment Right, Right to a ~~Speedy~~

29    NRS 7.135 Speedy trial    (1) Fabricating Evidence

This action was allowed to be filed in churchill
County, and then allowed to be withdrawn by plaintiff
without prejudice. And, now plaintiff moves this
action to U.S. District Court.

The cases were withdrawn without prejudice and approved
by the 10th JDC in March 2022, therefore, the cases
are timely filed with the U.S District Court.

Mitchell Goodrum

(See) Attached cover complaint sheet stamped
2022 Jan 5, Case No. 22-10DC-0012. provided as
exhibit #1

(cover page)